United States District Court
Southern District of Texas
**ENTERED**
January 18, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| NATASHA DENNIS, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:23-cv-00720 |
| § | |
| FIESTA MART, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint ("Motion for Leave"). Dkt. 20. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be **GRANTED**.

## BACKGROUND

On January 26, 2023, Plaintiff Natasha Dennis ("Dennis") originally filed this lawsuit in Texas state court against Fiesta Mart, LLC ("Fiesta Mart") and John Doe. In her Original Petition, Dennis alleged that on June 26, 2022, she "slipped and fell on a liquid and/or substance that had leaked from a packaged meat and was present on the floors of" the meat department at the Fiesta Mart on Jensen Drive in Houston, Texas. Dkt. 1-2 at 4. Dennis further claimed:

> Said liquid and/or substance leaked from a packaged meat that had been negligently packaged, bagged, sealed, secured, and/or inspected by Defendant JOHN DOE at the Premises. In addition to the packaged meat that had leaked the trail of liquid and/or substance that Plaintiff slipped upon, there was other bag(s) of packaged meat that were leaking at the counter of the meat department at the Premises.

*Id.* at 4–5. At the time the lawsuit was filed, Dennis did not know the identity of John Doe.

On February 24, 2023, Fiesta Mart timely and properly removed this case to federal court on the basis of diversity jurisdiction. Dennis is a Texas citizen. Fiesta Mart is a limited liability company. Because its sole member is Bodega Latina Corp.

(n/k/a Chedraui USA, Inc.), a Delaware corporation with its principal place of business in California, Fiesta Mart is considered a citizen of both Delaware and California for diversity purposes.[1] According to the Original Petition, Dennis seeks more than $1 million in damages.

Once in federal court, I issued a Docket Control Order, setting a June 30, 2023 deadline to amend pleadings and add new parties. At the parties' request, the Court moved the deadline for Dennis to amend her pleadings to July 31, 2023. The deadline to add new parties, however, remained June 30, 2023.

As expected, the parties proceeded with discovery in the federal forum. On November 9, 2023, Fiesta Mart's assistant meat manager, Hector M. Rodriguez Chapa ("Chapa"), appeared for deposition. Chapa testified that Fiesta Mart employee Maria D. Silva ("Silva") would have been the only Fiesta Mart employee who wrapped and bagged meat in the meat department on the date of the accident. Dennis contends that this was the first time she learned the identity of John Doe.

On November 17, 2023, approximately a week after Chapa's deposition, Dennis filed the instant Motion for Leave, seeking to substitute Silva, a Texas citizen, for the fictitious Doe defendant. Fiesta Mart opposes the motion.

## LEGAL STANDARD

Dennis couches her request for leave to amend under Federal Rule of Civil Procedure 15(a)(2), which provides that when leave to amend is required it should be "freely given when justice so requires." FED. R. CIV. P. 15(a)(2). Dennis's Motion for Leave, however, was filed long after the June 30, 2023 deadline to add new parties, and the July 31, 2023 deadline to amend the pleadings. Thus, Rule 15(a)'s extremely liberal standard does not apply; instead, the more stringent requirements of Rule 16(b)(4) take effect.

---

[1] "In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Rule 16(b)(4) "governs amendment of pleadings after a scheduling order's deadline to amend has expired." *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). "Once a scheduling order deadline to amend a pleading has expired, the party seeking to amend is effectively asking the court for leave to amend both the scheduling order and the pleading." *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, 655 F. Supp. 2d 679, 694 (S.D. Tex. 2009). A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted). To determine whether good cause exists, the Fifth Circuit requires district courts to consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Marathon*, 591 F.3d at 470 (quotation omitted).

In the event I conclude that good cause exists for Dennis to amend her complaint, my work is not done. Because Dennis seeks to substitute a non-diverse defendant, my decision on whether to allow the filing of an amended complaint determines whether the case ultimately proceeds in state or federal court. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder [and retain jurisdiction], or permit joinder and remand the action to the State court."). Given the effect such an amendment will have on the forum in which the case is litigated, the Fifth Circuit has held that district courts should "scrutinize that amendment more closely than an ordinary amendment" and "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

In *Hensgens*, the Fifth Circuit identified four factors a district court must consider: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory in asking for amendment"; (3) "whether plaintiff will be significantly injured if amendment is not allowed"; and (4) any other equitable factors. *Id.*; *see also Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("When a plaintiff seeks to add a non-diverse defendant whose joinder would defeat federal jurisdiction, the district court must consider the *Hensgens* factors.").

## ANALYSIS

A.  **RULE 16(b)(4)'S GOOD CAUSE STANDARD**

Although neither party addresses the four Rule 16(b)(4) factors a district court must consider in determining whether to modify the Docket Control Order, I will address those factors in turn.

### 1. *The Explanation for the Failure to Timely Move for Leave to Amend*

"The most important factor bearing on the 'good cause' inquiry under Rule 16(b)(4) is whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims but despite its diligence could not reasonably have met the scheduling deadline." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-cv-1455, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017). The burden rests with Dennis, as the party seeking to modify the Docket Control Order, to show that the deadlines could not have reasonably been "met despite the diligence of the party needing the extension." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation omitted).

Here, Dennis easily satisfies her burden. She did not learn that Silva was the Fiesta Mart employee who packaged, bagged, sealed, secured, and/or inspected meat on the date of the accident until Chapa's November 9, 2023 deposition. As such, she could not have amended her pleadings to include Silva as a defendant by

4

the June 30, 2023 deadline to add new parties. This first factor thus weighs in favor of allowing Dennis to amend her complaint.

### 2. *The Importance of the Amendment*

With respect to the second Rule 16(b)(4) factor, the importance of the amendment, Dennis seeks to add a party who she alleges is directly responsible for her alleged injuries. This factor weighs in favor of allowing amendment.

### 3. *The Potential Prejudice in Allowing the Amendment*

Under the third factor, I must assess whether allowing the late amendment will prejudice Fiesta Mart. "A defendant is prejudiced if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (cleaned up). There is no prejudice here. Discovery is still in its infancy—only two depositions have been taken. Given that the negligence claims against Fiesta Mart and Silva arise out of the same events, adding Silva as a defendant will not fundamentally alter the nature or scope of this matter. The third factor supports permitting amendment.

### 4. *The Availability of a Continuance to Cure Such Prejudice*

The fourth and final factor analyzes whether a continuance would cure any prejudice to Fiesta Mart caused by the late amendment. As explained, I do not believe Fiesta Mart or Silva will suffer any prejudice. Nonetheless, to the extent Fiesta Mart or Silva face any prejudice, I am confident that a continuance will cure such prejudice. Thus, this factor also favors allowing the proposed amendment.

\* \* \*

In sum, each Rule 16(b)(4) factor supports allowing Dennis to amend her complaint.

**B.** *HENSGENS* **ANALYSIS**

Although Dennis has demonstrated good cause under Rule 16(b)(4), her proposed amendment would add a non-diverse defendant, defeat diversity

5

jurisdiction, and compel remand. Thus, I am required to apply the four-factor test set forth in *Hensgens*.

### 1. *Whether the Primary Purpose of the Amendment Is to Defeat Diversity Jurisdiction*

The first *Hensgens* factor requires consideration of "the extent to which the purpose of the amendment is to defeat federal jurisdiction." *Hensgens*, 833 F.2d at 1182. This factor is the most significant because "[j]urisdiction is not so malleable that Plaintiffs can creatively forum shop through manipulation of the rules." *Sanders ex rel. Sanders v. Gen. Motors Corp.*, No. 3:01-cv-1579, 2001 WL 1297443, at *3 (N.D. Tex. Oct. 10, 2001). I must consider "whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state court suit was filed, whether the plaintiff states a valid claim against the nondiverse defendant, and the timing of the amendment." *Agyei v. Endurance Power Prods., Inc.*, 198 F. Supp. 3d 764, 770 (S.D. Tex. 2016).

Nothing indicates that the purpose of the amendment is to defeat diversity jurisdiction. In the proposed First Amended Complaint, Dennis is simply seeking to substitute a named defendant, Silva, for a fictitious defendant, John Doe, who was listed in the original state court petition. *See Adame v. PetSmart LLC*, No. 2:21-cv-00191, 2022 WL 961547, at *1 (S.D. Tex. Mar. 15, 2022) ("[I]t is clear [Dennis] intended to sue the individual employee responsible for the [allegedly dangerous condition] on the floor since this case was filed in state court and therefore, it cannot be said that the adding [of Silva] is solely an attempt to now defeat diversity."); *Mitchell v. Wal-Mart Stores, Inc.*, No. 6:15-2506, 2016 WL 447721, at *1 (W.D. La. Feb. 4, 2016) ("[Dennis] clearly contemplated naming [Silva] as a defendant in this action as soon as [her] identity was discovered. Indeed, [Dennis is] not seeking to add [Silva] as a new defendant, but instead, [is] seeking to substitute [Silva], for the fictitious, unknown John Doe defendant, who was included in the original petition for damages.").

Fiesta Mart argues that allowing Dennis to add Silva as a defendant is improper because there is no possibility of recovery against Silva. Fiesta Mart may "prevent joinder by arguing that there is no colorable claim against" Silva. *Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 678 (5th Cir. 1999). Even so, the Fifth Circuit has instructed district courts to utilize the same standard applied to a motion to dismiss under Rule 12(b)(6) to determine whether a plaintiff has stated a valid or colorable claim. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) ("[T]o determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." (quotation omitted)); *see also Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) ("There is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim."). The question I must answer, therefore, is whether Dennis has pled sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (construing the pleading standard on a Rule 12(b)(6) motion to dismiss).

Fiesta Mart argues that, "absent an allegation that [Silva] personally created the allegedly dangerous condition, there is not [a viable] claim stated against [Silva] in . . . her individual capacity." Dkt. 21 at 9. Fiesta Mart has correctly stated Texas law. Although "[a] corporate officer or agent can be liable to others . . . for his or her own negligence[,] . . . individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). The Texas Supreme Court has extended *Leitch*'s holding to premises liability claims. *See Tri v. J.T.T.*, 162 S.W.3d 552, 562–63 (Tex. 2005). If an "employee played a personal and active role in creating the dangerous condition at issue, then an independent duty of care existed." *Champion v. Wal-Mart Stores of Tex., LLC*, No. 5:16-cv-112, 2016 WL 1226942, at *3 (W.D. Tex. Mar. 24, 2016); *see also Lopez-Monroy v. Wal-Mart Stores Tex., LLC*, No. 3:19-cv-00051, 2019 WL 3302615, at

7

*5 (S.D. Tex. July 23, 2019) (finding an employee had an independent duty of care to the plaintiff because she created the dangerous condition by operating the forklift that injured the plaintiff).

The allegations contained in the proposed First Amended Complaint, if proven at trial, would certainly be sufficient to hold Silva personally liable for negligence. As discussed, Dennis contends that she slipped and fell on a substance on the floor that "leaked from a packaged chicken that had been negligently packaged, bagged, sealed, secured, and/or inspected" by Silva. Dkt. 20-1 at 4. She further alleges that Silva, acting in the course and scope of her employment for Fiesta Mart, was negligent in the following respects:

    a. In failing to package the chicken packaging that leaked;
    b. In failing to bag the chicken packaging that leaked;
    c. In failing to seal the chicken packaging that leaked;
    d. In failing to secure the chicken packaging that leaked;
    e. In failing to inspect the chicken packaging that leaked; and/or
    f. In engaging in a negligent activity upon which [Dennis] was injured by and/or upon a contemporaneous result of.

*Id.* at 5.

Fiesta Mart asserts that Dennis's allegations against Silva are based on four unproven assumptions: (1) that Dennis "slipped on liquid that leaked from packaged chicken;" (2) that Silva "must have been the one to package the meat that allegedly leaked," (3) "that the packing [that allegedly leaked] was done by Fiesta, when some chicken comes pre-packaged to the store;" and (4) "that the liquid on the floor was not caused by another customer who spilled or dropped some unknown substance." Dkt. 21 at 10. That may be true, but we are not at the summary judgment stage when I consider whether there is any factual support for Dennis's allegations. We are at the initial pleading stage. At this point, my task is simply to determine whether Dennis has adequately stated a claim against Silva,

treating all well-pleaded facts in the proposed First Amended Complaint as true and viewing them in the light most favorable to Dennis. *See Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021). Dennis's proposed First Amended Complaint sufficiently states a colorable negligence claim against Silva.

### *2. Whether Dennis Was Dilatory in Asking for Amendment*

The second *Hensgens* factor asks whether Dennis was dilatory in seeking leave to amend. *See Hensgens*, 833 F.2d at 1182. The record before me firmly establishes, beyond a shadow of a doubt, that Dennis has not been dilatory in asking to amend her complaint to identify Silva as John Doe. In her initial state court pleading, Dennis claimed that the negligence of a Fiesta Mart employee, whom she referred to as John Doe, caused her to slip and fall. Once the case was removed to federal court and discovery commenced, Dennis diligently sought the identity of the individual in the Fiesta Mart meat department who packaged the meat that allegedly leaked on the floor and resulted in a dangerous condition. Roughly a week after learning at a deposition that Silva had to be John Doe, Dennis filed a Motion for Leave requesting to add Silva as a named defendant. Because Dennis was not dilatory in asserting her rights, the second *Hensgens* factor favors allowing Silva to be substituted for John Doe.

### *3. Whether Dennis Will Be Significantly Injured if Amendment Is Not Allowed*

The third *Hensgens* factor requires me to consider whether Dennis will be prejudiced if she is not allowed to file an amended complaint substituting Silva for John Doe. If I refuse to allow Dennis to substitute Silva, she could still file a separate action in Texas state court solely against Silva. "[D]enial of the amendment would significantly injure [Dennis] by forcing her to undergo the delay and expense of trying in two courts what was essentially the same action." *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 474 (5th Cir. 2001). Thus, the third *Hensgens* factor tilts in favor of allowing amendment.

### *4. Whether Other Equitable Factors Are Pertinent*

The fourth *Hensgens* factor allows me to consider "any other factors bearing on the equities." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 769 (5th Cir. 2016) (quotation omitted). I am unaware of a single equitable factor that militates against allowing amendment.

\* \* \*

After considering the four *Hensgens* factors, I find that they all weigh strongly in favor of allowing amendment.

## CONCLUSION

Each Rule 16(b)(4) factor and each *Hensgens* factor supports allowing Dennis to amend her complaint to substitute Silva for the fictitious John Doe defendant. Accordingly, I recommend that Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint (Dkt. 20) be **GRANTED**. Because amendment will destroy complete diversity, I further recommend that this case be remanded to the 80th Judicial District Court, Harris County, for further proceedings.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 18th day of January 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE